UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20239CR-HUCK/O'SULLIVAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : CRIMINAL |
| v. | : |
| LATIN NODE, INC., | : PLEA AGREEMENT |
| Defendant. | : |

Pursuant to Rule 11(c)(1)(b) of the Federal Rules of Criminal Procedure, the United States of America, by and through the Fraud Section of the Criminal Division of the United States Department of Justice ("Department of Justice" or the "Department") and the defendant, LATIN NODE, INC. ("Latinode" or "Defendant"), a Florida corporation, by its undersigned attorneys, and through its authorized representative, hereby submit and enter into this Plea Agreement ("Agreement"). The terms and conditions of this Agreement are as follows:

### The Defendant's Agreement

1.  Defendant agrees to waive indictment and plead guilty to a one-count information filed in the Southern District of Florida charging Defendant with violating the Foreign Corrupt Practices Act of 1977 ("FCPA"), as amended, 15 U.S.C. § 78dd-2 (Count 1). Defendant further agrees to persist in that plea through sentencing and, as set forth below, to fully cooperate with the Department.

2.  Defendant understands and agrees that this Agreement is between the Department and Defendant and does not bind any other division or section of the

Department of Justice or any other federal, state, or local prosecuting, administrative, or regulatory authority. Nevertheless, the Department will bring this Agreement and the cooperation of Defendant, its direct or indirect affiliates, subsidiaries, and parent corporation, to the attention of other prosecuting authorities or other agencies, if requested.

3. Defendant agrees that this Agreement will be executed by Harley "Mike" Rollins, the sole Director of Latinode, who is an authorized corporate representative.

4. Defendant agrees and represents that it has the full legal right, power, and authority to enter into and perform all of its obligations under this Agreement.

5. Defendant agrees that any fine or restitution imposed by the Court will be due and payable upon the schedule set forth in Paragraph 16 below, or if the Court does not accept that schedule, then upon such schedule as is required by the Court, and Defendant will not attempt to avoid or delay payments. Additionally, the Defendant acknowledges that no tax deduction may be sought by it or any other entity or individual in connection with the payment of the fine. Defendant further agrees to pay the Clerk of the Court for the United States District Court for the Southern District of Florida the mandatory special assessment of $400 within five (5) business days from the date of sentencing.

6. Defendant agrees that if Latinode or any of its direct or indirect affiliates, subsidiaries, or its parent corporation issues a press release in connection with this agreement, Defendant shall first consult the Department to determine whether (a) the text of the release is true and accurate with respect to matters between the Department and

Defendant; and (b) the Department has no objection to the release. Statements at any press conference concerning this matter shall be consistent with this press release.

7. Defendant agrees that in the event it sells, merges, or transfers all or substantially all of its business operations as they exist as of the date of this Agreement, whether such sale(s) is/are structured as a stock or asset sale, merger, or transfer, Defendant shall include in any contract for sale, merger, or transfer, a provision fully binding the purchaser(s) or any successor(s) in interest thereto to the obligations described in this Agreement.

8. Defendant agrees to abide by all terms and obligations of this Agreement as described herein, including but not limited to the following:

    a. to plead guilty as set forth in this Agreement;

    b. to abide by all sentencing stipulations contained in this Agreement;

    c. to: (i) appear, through its duly appointed representatives, as ordered for all Court appearances; and (ii) obey any other ongoing Court order in this matter;

    d. to commit no further crimes;

    e. to be truthful at all times with the Court; and

    f. to pay the applicable fine and special assessment.

9. Defendant further agrees to cooperate with the Department as directed and with any other federal, state, local, or foreign law enforcement agency as directed. This cooperation requires that Defendant:

    a. Provide and/or ensure that the Department is given access to all current officers, directors, employees, agents, and consultants of eLandia International,

Inc. for interviews and testimony in the United States relating to the illegal payments described in the Statement of Offense, such access to be provided upon reasonable notice and during a mutually agreeable date and time; and

   b.  Provide access to copies of original documents and records relating to such payments in its possession if requested to do so.

## The United States' Agreement

10.  In exchange for the corporate guilty plea of Defendant and the complete fulfillment of all of its obligations under this Agreement, the Department agrees that it will not file additional criminal charges against Defendant or any of its direct or indirect affiliates, subsidiaries, or its parent corporation, including eLandia International, Inc., based on conduct disclosed to the Department as of the date of this Agreement. This Agreement will not close or preclude the investigation or prosecution of any natural persons, including any officers, directors, employees, agents, or consultants of Defendant who may have been involved in any of the matters set forth in the Information, Statement of Offense, or in any other matters.

## Factual Basis

11.  Defendant is pleading guilty because it is guilty of the charges contained in the Information. Defendant agrees and stipulates that the factual allegations set forth in the Information are true and correct, that it is responsible for the acts of its officers and employees described in the Statement of Offense incorporated herein, and that the Statement of Offense accurately reflects its criminal conduct.

### Defendant's Waiver of Rights, Including Right to Appeal

12. Defendant knowingly, intelligently, and voluntarily waives its right to appeal the conviction in this case. Defendant similarly knowingly, intelligently, and voluntarily waives the right to appeal the sentence imposed by the Court. In addition, Defendant knowingly, intelligently, and voluntarily waives the right to bring a collateral challenge pursuant to 28 U.S.C. § 2255, challenging either the conviction or the sentence imposed in this case, except for a claim of ineffective assistance of counsel. Defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this Agreement is signed in the event that: (a) the conviction is later vacated for any reason; (b) Defendant violates this Agreement; or (c) the plea is later withdrawn. The Department is free to take any position on appeal or any other post-judgment matter.

### Penalty Range

13. The statutory maximum sentence that the Court can impose for a violation of Title 15, United States Code, Section 78dd-2 is a fine of $2,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest, 15 U.S.C. § 78dd-2(g)(1)(A), 18 U.S.C. § 3571(d); five years' probation, 18 U.S.C. § 3561(c)(1); and a mandatory special assessment of $400, 18 U.S.C. § 3013(a)(2)(B).

### Sentencing Factors

14. The parties agree that pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the Court must determine an advisory sentencing guideline range pursuant to the United States Sentencing Guidelines. The Court will then determine a reasonable sentence within the statutory range after considering the advisory sentencing guideline

range and the factors listed in 18 U.S.C. § 3553(a). The parties' agreement herein to any guideline sentencing factors constitutes proof of those factors sufficient to satisfy the applicable burden of proof.

15. The parties stipulate that the 2007 United States Sentencing Guidelines apply to this matter and to the factual predicates set forth below and that the following is the proper application of the Sentencing Guidelines to the offense alleged in the Information:

a. Calculation of Offense Level :

| | |
|---|---:|
| Base Offense Level (U.S.S.G. § 2C1.1(a)): | *12* |
| More than one bribe (U.S.S.C. § 2C1.1(b)(1)): | *+2* |
| Value of payments approximately $2.2 million (U.S.S.G. §§ 2C1.1(b)(2), 2B1.1(b)(1)(I)): | *+16* |
| **TOTAL OFFENSE LEVEL:** | *30* |

b. Calculation of Culpability Score:

| | |
|---|---:|
| Base Score (U.S.S.G. § 8C2.5(a)): | *5* |
| The organization had 50 or more employees and an individual within substantial authority personnel of the organization participated in, condoned, or was willfully ignorant of the offense (U.S.S.G. § 8C2.5(b)(4)): | *+2* |
| Self-reporting, cooperation, acceptance of responsibility (U.S.S.G. § 8C2.5(g)(1)): | *-5* |
| **TOTAL CULPABILITY SCORE:** | *2* |

c. Calculation of Fine Range:

| | |
|---|---:|
| Base Fine: Based on U.S.S.G. § 8C2.4(a)(1), the base fine is the amount corresponding to offense level of 30 ($10,500,000) in U.S.S.G. § 8C2.4(d): | *$10,500,000* |

| | |
|---|---|
| Multipliers, culpability score of 5 (U.S.S.G. § 8C2.6): | 0.40 - 0.80 |
| Fine Range (U.S.S.G. § 8C2.7): | ***$4,200,000 – $8,400,000*** |

### Sentencing Recommendation

16.  <u>Fine.</u>  Assuming Latinode accepts responsibility as explained above, the parties will recommend the imposition of a fine in the amount of $2,000,000 payable to the Clerk of the Court for the United States District Court for the Southern District of Florida. The parties further agree to recommend that $500,000 of this amount shall be paid as a lump sum within five (5) business days after imposition of sentence in this matter, and that the remaining $1,500,000 shall be paid in three equal installments of $500,000 by January 31, 2010; January 31, 2011; and January 31, 2012, respectively.

17.  <u>Mandatory Special Assessment.</u> Defendant shall pay to the Clerk of the Court for the United States District Court for the Southern District of Florida within (5) business days of the time of sentencing the mandatory special assessment of $400.

18.  The parties have agreed that the disposition described herein represents an appropriate disposition of the case based upon the following factors:

   a.  By entering and fulfilling the obligations under this Agreement, Defendant has demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct.

   b.  The plea underlying this Agreement is a result of the voluntary disclosure made by Latinode and its parent corporation eLandia International, Inc., through their counsel, to the Department beginning in November 2007, and the disclosure of non-privileged evidence and information obtained as a result of the investigation their attorneys conducted. The disclosure and cooperation by eLandia International, Inc.,

7

Latinode's parent, was timely, thorough, and exemplary. During the course of several months, it disclosed thousands of non-privileged records and other information, and promptly responded to the Department's requests for additional information.

  c. The corrupt payments charged in the Information took place entirely prior to eLandia International, Inc.'s acquisition of Latinode on June 28, 2007.

  d. Defendant Latinode has been dissolved from an operational perspective and currently exists only as a corporate entity for purposes of entering into this Agreement. Defendant has few assets and minimal capital, and none of the Latinode employees or officers involved in the relevant conduct remain employed by Latinode or the eLandia International, Inc. Counsel for Latinode and the eLandia International, Inc. no longer has access to those former employees and officers, and counsel has not found any documents containing either forecasted or actual profitability analyses of the Honduras and Yemen contracts. Moreover, conducting an analysis of actual profits now is virtually impossible because those contracts were terminated as a result of the investigation. For the above reasons, the Department and Latinode agree that a calculation of the gross gain or loss resulting from the offense would be unduly onerous, if not impossible. Because a calculation of twice the gross gain or loss under 18 U.S.C. § 3571(d) would unduly complicate or prolong the sentencing process, the appropriate maximum penalty is the statutory maximum of $2,000,000. Defendant's parent corporation, eLandia International, Inc., has agreed to provide the funds necessary for the recommended fine set forth in Paragraph 16.

19. The parties agree not to seek any adjustments to, or departures from, the agreed upon payment of $2,000,000 as set forth herein.

20. <u>Organizational Probation.</u> Based on the current corporate status of Defendant and its lack of any ongoing operations, the parties agree that organizational probation is not necessary or appropriate in this case.

21. The Court is not bound by the recommendations of the parties or those made in any pre-sentence report. Because this Agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, Defendant may not withdraw any guilty plea or rescind this Agreement if the Court does not follow the agreements or recommendations herein.

**Waiver of Presentence Investigation and Consolidation of Plea and Sentencing**

22. The parties agree, subject to the Court's approval, to waive the requirement for a presentence report, pursuant to Federal Rule of Criminal Procedure 32(c)(1)(A), based on a finding by the Court that the record contains information sufficient to enable the Court to meaningfully exercise its sentencing power. However, the parties agree that in the event the Court orders the preparation of a presentence report prior to sentencing, such order will not affect the agreement set forth herein. Additionally, if the Court directs the preparation of a presentence report, the Department will fully inform the preparer of the presentence report and the Court of the facts and law related to Defendant's case.

23. The parties further agree to request that the Court combine the entry of the plea and sentencing into one proceeding. However, the parties agree that in the event the Court orders that the entry of the guilty plea and sentencing hearing(s) occur at separate proceedings, such an order will not affect the agreement set forth herein.

### Breach of Agreement

24. If Defendant breaches the terms of this Agreement, or commits any new criminal offense between signing this Agreement and sentencing, the Department is relieved of its obligations under this Agreement, but Defendant may not withdraw its guilty plea. Whether Defendant has breached any provision of this Agreement shall be determined solely by the Department.

25. In the event of a breach of this Agreement by Defendant, should the Department elect to pursue criminal charges, or any civil or administrative action that was not filed as a result of this Agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of Defendant's signing of this Agreement and the discovery by the Department of any breach by Defendant; and

    b. Defendant waives all defenses based on the statute of limitations, any claim of preindictment delay, or any speedy trial claim with respect to any such prosecution or action, except to the extent that such defenses existed as of the date of the signing of this Agreement.

### Complete Agreement

26. This document contains the full extent of the agreement between the parties. There are no other promises or agreements, express or implied. Any modification of this Agreement shall be valid only if set forth in writing in a supplemental or revised plea agreement signed by all parties.

CASE NO. 09-20239CR-HUCK/O'SULLIVAN

FOR LATIN NODE, INC.:

*[signature]*

HARLEY "MIKE" ROLLINS
DIRECTOR
LATIN NODE, INC.

*[signature]*

PETER PRIETO
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131

*[signature]*

DON ZARIN
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006

FOR THE DEPARTMENT:   STEVEN A. TYRRELL, Chief
                      Fraud Section, Criminal Division

By: *[signature]*

Lori A. Weinstein
Trial Attorney - Foreign Corrupt Practices Act
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005

Filed at Miami, Florida on April 3, 2009.